IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 1:04-CR-44 |
| | § | |
| MELISSA LORK | § | |

MEMORANDUM OPINION RE ORDER DENYING
REQUEST FOR TRANSCRIPTS

Defendant was convicted upon her guilty plea of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1). The court sentenced her on September 20, 2004 to 41 months imprisonment and a 3-year term of supervised release. Judgment (Sept. 20, 2004) (Clark, J.).

Defendant appealed, and the Fifth Circuit Court of Appeals affirmed the district court's judgment. United States of America v. Melissa Christine Lork, No. 04-41291 (5th Cir. June 13, 2005). No further appeals or collateral attacks have been brought. No other actions are pending other than the current motion for free court transcripts. In support, defendant asserts in conclusory fashion that the relief requested is necessary for "*filing a 2255.*" Def.'s Mot. Req. Ct. Tr. at 1.

An indigent person may obtain free transcripts under 28 U.S.C. § 753(f) upon showing a "colorable need" for such records. Mayer v. City of Chicago, 404 U.S. 189, 195 (1971). An assertion that the person needs transcripts to *formulate* a claim or to review for *possible* claims does not suffice. Hines v. Baker, 422 F.2d 1002, 1007 (10th Cir. 1970). In the vernacular, a defendant cannot conduct a "fishing expedition" to find something that may support a potential motion. United States v. Caravajal, 989 F.2d 170 (5th Cir. 1993).

This motion is the fifth time the court has addressed defendant's request for copies. See Docket Nos. 44, 47-49, 52. Yet defendant still fails to show a colorable need for copies of court transcripts. No present action is pending, and, except as discussed below, any future appeal or collateral attack appears to be time-barred. First, defendant's petition for writ of certiorari has been denied by the United States Supreme Court. See Lork v. United States, 126 S. Ct. 301 (2005). Second, a collateral attack under 28 U.S.C. §2255 must be brought generally within *one year* of the date upon which the judgment of conviction becomes final.[1] At this point, however, the judgment of conviction has been final for 15 months.

---

[1] Certain other exceptions – not alleged here – apply if they arise after the final judgment. See 28 U.S.C. § 2255(2)-(4).

A collateral attack under 28 U.S.C. § 2241 has no specified limitations period. However, relief under this statute is narrow, and essentially is limited to when an intervening decision of the United States Supreme Court establishes that the conduct of the defendant was not a crime. No intervening Supreme Court decision has declared that possession with intent to distribute less than 50 grams of methamphetamine is not a crime. Hence, there is no colorable showing that defendant's judgment of conviction might be successfully attacked in a collateral proceeding under Section 2241.

For these reasons, an order entered separately will deny defendant's pending motions.

SIGNED this 19th day of December, 2005.

*Earl S. Hines*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE