# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

---

No. 1:04-CR-44

---

United States of America

v.

Melissa Lork                                         Defendant

---

## Report and Recommendation Re: Petition for Warrant
## or Summons for Offender Under Supervision

---

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed July 31, 2008, alleging that defendant violated conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States magistrate judge.

### I.  The Original Conviction and Sentence

Defendant was sentenced on August 30, 2004, before The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, after pleading guilty

to the offense of possession with intent to distribute less than 50 grams of methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of I, was 41 to 51 months. Defendant was subsequently sentenced to 41months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions of drug aftercare, mental health aftercare, and during the term of supervised release, defendant shall not consume any intoxicant not prescribed by a physician and a $100 special assessment.

## II.  The Period of Supervision

On June 5, 2006, defendant completed her period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on July 31, 2008. The petition alleges that defendant violated the following conditions of release:

| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at lease two periodic drug tests thereafter, as directed by the probation officer. |
|---|---|

As grounds, the petition alleges that defendant provided a urine specimen on December 17, 2007 which tested positive for methamphetamine.

## IV.  Proceedings

On August 7, 2008, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree to plead "true" to the allegation that she provided a urine specimen which tested positive for a controlled substance, namely methamphetamine.  In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose 6 months imprisonment, with no term of supervised release thereafter.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that she provided a urine specimen which tested positive for a controlled substance, namely methamphetamine.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 9 months.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory  condition of supervised release by providing a urine specimen which tested positive for a controlled substance, namely methamphetamine , defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.      U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1.      The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.      The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.      Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.      Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

### Findings:

Defendant pleaded "true" to the allegation that she violated a mandatory condition of supervised release by providing a urine specimen which tested positive for a controlled substance, namely methamphetamine.  Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

### Conclusion and Justification:

Defendant has demonstrated inability to adhere to conditions of supervision.  Defendant did not comply with conditions of her supervision by failing to refrain from unlawful use of a controlled substance.  As such, incarceration appropriately addresses defendant's violation.

### RECOMMENDATIONS

1.  The court should find that defendant violated a mandatory condition of supervised release, by failing to refrain from unlawful use of a controlled substance, in the manner alleged in the petition.

2.  The petition should be granted and defendant's supervised release  revoked pursuant to 18 U.S.C. § 3565.

3.  Defendant should be sentenced to a term of imprisonment of six (6) months.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived her right to be present and speak before the district judge imposes the recommended sentence.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 7 day of August , 2008.

Earl S. Hines
United States Magistrate Judge